UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

PEARSON EDUCATION, INC.,
JOHN WILEY & SONS, INC.,
CENGAGE LEARNING INC. AND
THE MCGRAW-HILL COMPANIES, INC.,

        Plaintiffs,

   -against-                 07 Civ. 9399 (CSH)
                             ECF Case

VINOD KUMAR, VIRENDER YADAV,
SUKHWINDER SINGH AND
DART AIR, INC. ALL D/B/A
MODERN BOOKS D/B/A EXPRESS
BOOKS D/B/A UNIQUE BOOKS
D/B/A JHON BOOK STORE D/B/A
EXPRESSBOOKS06 D/B/A
QUALITYINSTRUMENTS400
AND JOHN DOES NOS. 1-5,

        Defendants.

- - - - - - - - - - - - - - - - - x

PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT
OF THEIR MOTION FOR SUMMARY JUDGMENT
ON THEIR COPYRIGHT CLAIMS AGAINST
DEFENDANTS VINOD KUMAR AND DART AIR, INC.

               DUNNEGAN LLC
               Attorneys for Plaintiffs
                 Pearson Education, Inc.,
                 John Wiley & Sons, Inc.,
                 Cengage Learning Inc., and
                 The McGraw-Hill Companies, Inc.
             350 Fifth Avenue
             New York, New York 10118
             (212) 332-8300

<u>Table of Contents</u>

Table of Authorities. . . . . . . . . . . . . . . . . . . ii

Preliminary Statement . . . . . . . . . . . . . . . . . . 1

Statement of Facts. . . . . . . . . . . . . . . . . . . . 2

Argument. . . . . . . . . . . . . . . . . . . . . . . . . 2

I.   THE SALE OF FOREIGN EDITIONS OF PLAINTIFFS'
     TEXTBOOKS CONSTITUTES COPYRIGHT INFRINGEMENT. . 2

II.  DEFENDANTS KUMAR AND DART INFRINGED 379 OF
     PLAINTIFFS' COPYRIGHTS BY SELLING FOREIGN
     EDITIONS OF PLAINTIFFS' WORKS IN THE UNITED
     STATES. . . . . . . . . . . . . . . . . . . . . 5

III. PLAINTIFFS ARE ENTITLED TO RECOVER
     STATUTORY DAMAGES OF $750 PER WORK
     INFRINGED FOR EACH OF THESE 379 WORKS . . . . . 9

IV.  PLAINTIFFS ARE ENTITLED TO A PERMANENT
     INJUNCTION AGAINST DEFENDANTS . . . . . . . . . 9

Conclusion . . . . . . . . . . . . . . . . . . . . . . . 10

Table of Authorities

Cases

BMG Music v. Perez,
952 F.2d 318 (9th Cir. 1991),
cert. denied., 505 U.S. 1206, 112 S. Ct. 2997 (1992).    4

Columbia Broadcasting System, Inc. v. Scorpio Music
Distributors, Inc.,
569 F. Supp. 47 (E.D.Pa. 1983),
aff'd, 738 F.2d 424 (3d Cir. 1984) . . . . . . . . .    5

Lechner v. Marco-Domo Intnationales Interieur GmbH,
2005 U.S. Dist. LEXIS 4022 (S.D.N.Y. March 10, 2005)    8

Lingo Corp. v. Topix, Inc.,
2003 U.S. Dist. LEXIS 1437 (S.D.N.Y. Jan. 31, 2003).    4,5

Parfums Givenchy, Inc. v. Drug Emporium, Inc.,
38 F.3d 477 (9th Cir. 1994). . . . . . . . . . . . .    4

Pearson Education, Inc., et al. v. Jun Liao, et al.,
2008 U.S. Dist. LEXIS 39222
(S.D.N.Y. May 28, 2008). . . . . . . . . . . . . . .    4,9

Quality King Distribs. v. L'anza Research Int'l,
523 U.S. 135, 118 S. Ct. 1125 (1998) . . . . . . . .    3,4

Wales Indus. Inc. v. Hasbro Bradley, Inc.,
612 F. Supp. 510 (S.D.N.Y. 1985) . . . . . . . . . .    8,9

Yurman Design, Inc. v. PAJ, Inc.,
93 F.Supp. 2d 449 (S.D.N.Y. 2000),
aff'd in part, 262 F.3d 101 (2d Cir. 2001) . . . . .    10

Rules and Statutes

17 U.S.C. § 106. . . . . . . . . . . . . . . . . . .    1,2

17 U.S.C. § 109(a) . . . . . . . . . . . . . . . . .    3

17 U.S.C. § 412. . . . . . . . . . . . . . . . . . .    9

17 U.S.C. § 502. . . . . . . . . . . . . . . . . . .    2,9,10

17 U.S.C. § 504(c) . . . . . . . . . . . . . . . . .    2,9

17 U.S.C. § 602. . . . . . . . . . . . . . . . . . .    3

Plaintiffs Pearson Education, Inc., John Wiley & Sons, Inc., Cengage Learning Inc., and The McGraw-Hill Companies, Inc. respectfully submit this memorandum in support of their motion for summary judgment on their copyright claims against defendants Vinod Kumar ("Kumar") and Dart Air, Inc. ("Dart").

## Preliminary Statement

Plaintiffs are among the world's most successful publishers of educational textbooks. In addition to the high quality editions of those books intended for sale in the United States, plaintiffs publish lower cost editions, with virtually identical content, that are authorized for sale only in certain countries outside the United States ("Foreign Editions").

There is no genuine dispute that Kumar and Dart sold in the United States Foreign Editions of 379 of plaintiffs' copyrighted works. As a matter of law, their actions constitute copyright infringement in violation of 17 U.S.C. § 106.

The Court should therefore grant plaintiffs summary judgment (i) adjudging that Kumar and Dart are liable for infringing the 379 copyrights that are the subject of this motion, (ii) adjudging that Kumar and Dart are liable for minimum statutory damages pursuant to 17

U.S.C. § 504(c) for each of these 379 copyrights, and (iii) enjoining Kumar and Dart pursuant to 17 U.S.C. § 502 from further infringing these copyrights.

## Statement of Facts

The relevant facts are set forth in plaintiffs' statement of undisputed material facts dated July 28, 2008, and will not be repeated.

## Argument

### I.

### THE SALE OF FOREIGN EDITIONS OF PLAINTIFFS' TEXTBOOKS CONSTITUTES COPYRIGHT INFRINGEMENT

A defendant's sale of a Foreign Edition in the United States can constitute copyright infringement in violation of 17 U.S.C. § 106.

Under 17 U.S.C. § 106, a copyright owner has the exclusive right to distribute copies of the copyrighted work. That section provides in applicable part:

> "Subject to sections 107 through 122, the owner of copyright under this title has the exclusive rights to do and to authorize any of the following:
>
>     \*   \*   \*   \*   \*
>
>    (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;"

2

The fact that plaintiffs authorized the publication of the book in a foreign country is irrelevant. 17 U.S.C. § 109(a), which codifies the "first sale doctrine," applies only to copies "lawfully made under this title." That section provides in applicable part:

> "Notwithstanding the provisions of section 106(3), the owner of a particular copy or phonorecord lawfully made under this title, or any person authorized by such owner, is entitled, without the authority of the copyright owner, to sell or otherwise dispose of the possession of that copy or phonorecord." (Emphasis added.)

Indeed, because 17 U.S.C. § 602 allows a copyright owner to prevent the importation into the United States of a copy of the copyrighted work, the subsequent sale of that unauthorized import should be an infringement.

In Quality King Distribs. v. L'anza Research Int'l, 523 U.S. 135, 148, 118 S. Ct. 1125, 1132 (1998), the Supreme Court stated that a book printed outside of the United States was not "lawfully made under this title:"

> "If the author of the work gave the exclusive U.S. distribution rights -- enforceable under the Act -- to the publisher of the U.S. edition and the exclusive British distribution rights to the publisher of the British edition, however, presumably only those made by the publisher of the U.S. edition would be 'lawfully made under this title' within the meaning of § 109(a). The first sale doctrine would not provide the publisher of the British edition who decided to sell in the American market with a defense to an action under § 602(a) (or, for that

3


matter, to an action under § 106(3), if there was a distribution of the copies)") (Emphasis added.)

Judge Stein has recently agreed with plaintiffs' analysis. <u>Pearson Education, Inc., et al. v. Jun Liao</u>, 2008 U.S. Dist. LEXIS 39222 at *11-12 (S.D.N.Y. May 28, 2008)("The record also reveals that Liao and Gu have violated plaintiffs' exclusive right to 'distribute copies . . . of the copyrighted work[s] to the public' in violation of 17 U.S.C. §§ 106(3) and 602(a) by purchasing copies of plaintiffs' textbooks that were manufactured abroad and subsequently selling them within the United States without permission of the copyright holders."); <u>See Parfums Givenchy, Inc. v. Drug Emporium, Inc.</u>, 38 F.3d 477, 482 at fn. 8 (9th Cir. 1994)("[S]ales *abroad* of foreign manufactured United States copyrighted materials do not terminate the United States copyright holder's exclusive distribution rights in the United States under §§ 106 and 602(a)"); <u>BMG Music v. Perez</u>, 952 F.2d 318, 319 (9th Cir. 1991)("The first sale doctrine in 17 U.S.C. § 109(a) does not, however, provide a defense to infringement under 17 U.S.C. § 602 for goods manufactured abroad."), <u>cert. denied.</u>, 505 U.S. 1206, 112 S. Ct. 2997 (1992); <u>Lingo Corp. v. Topix, Inc.</u>, 2003 U.S. Dist. LEXIS 1437 at *13 (S.D.N.Y. Jan. 31, 2003)("Section 109 and the

4

first sale doctrine do not, necessarily, provide a defense to a Section 602(a) claim where the allegedly infringing copies were manufactured and sold abroad."); Columbia Broadcasting System, Inc. v. Scorpio Music Distributors, Inc., 569 F. Supp. 47, 49 (E.D.Pa. 1983)("I conclude that the section grants first sale protection to the third party buyer of copies which have been legally manufactured and sold within the United States and not to purchasers of imports such as are involved here."), aff'd, 738 F.2d 424 (3d Cir. 1984).

II.

DEFENDANTS KUMAR AND DART INFRINGED 379
OF PLAINTIFFS' COPYRIGHTS BY SELLING
FOREIGN EDITIONS OF PLAINTIFFS' WORKS
IN THE UNITED STATES

Plaintiffs own, and have registered, the 379 copyrights that are the subject of this motion.[1] (Essig Dec. Ex. A, Murphy Dec. Ex. B, Sampson Dec. Ex. C, and Beacher Dec. Ex. D)

Kumar is a resident of India, engaged in the courier business. (Dunnegan Dec. Ex. F at 32:2-4) As the result of his courier business, Kumar is able to export

---

[1] The amended complaint asserts a claim for infringement of each of these copyrights. The amended complaint also asserts additional copyrights, which are not the subject of this motion. If the Court grants the relief requested on this motion, plaintiffs will withdraw their claims concerning the remaining copyrights.

5

merchandise from India to the United States at a reduced cost. (Id. at 79:18-25)

In about 2007, Kumar started a business of buying Foreign Editions in India and reselling them, through the Internet, in the United States. (Dunnegan Dec. Exs. F at 63:10-15, 72:11-18 and I; Banks Dec. at ¶ 3) To distribute these Foreign Editions in the United States, Kumar initially hired, and eventually acquired, Dart. (Dunnegan Dec. Ex. F at 32:1-33:6) There is no evidence, or even suggestion, that the book selling business of Kumar or Dart involved books other than Foreign Editions.

Kumar and Dart offered the Foreign Editions for sale through the Internet sites of non-party sellers, including Abebooks Inc. ("Abebooks"), at www.abebooks.com, and Akademos, Inc. ("Akademos"), at www.textbookx.com. The business records of Abebooks and Akademos demonstrate that Kumar and Dart sold copies of each of the 379 works that are the subject of this motion. (Dunnegan Dec. Exs. M, N, O and P) Specifically, there are three logs which evidence sales of copies of plaintiffs' works: (1) Abebooks log "CID2803897"; (2) Abebooks log "CID52296192"; and (3) Akademos log "Jhonbooks". (Dunnegan Dec. at ¶¶ 6-7 and Exs. H, K, L, M, N, O and P).

Each of these logs belongs to Kumar or Dart.

(1) Abebooks log CID2803897, for the account of the name "Prime Book Store," belongs to Kumar. In an e-mail dated February 5, 2008, Kumar admitted making the sales contained in an attachment to the e-mail that he labeled "Abe1". (Dunnegan Dec. Ex. I) The document "Abe1" is substantially identical to the Abebooks log CID52803897. (Dunnegan Dec. at ¶ 8)

(2) Abebooks log CID52296192, for the account of the names "Modern Books" and "Express Books," also belongs to Kumar. On May 4, 2007 "Vinod Kumar" contacted Abebooks to complete a questionnaire necessary to operate the account for "Modern Books" and "Express Books". (Dunnegan Dec. at ¶ 7, AR-History CID52296192, p. 5) In completing the questionnaire, Kumar provided Dart's information in response to question 12. (Id.)("No.12. Can you provide us with the name and contact information of at least one business reference? Ans: - Dart Air Inc, 155W 29 St Suite 9B , New York 10001. Contact Person: Mr MalikThey ship our orders within US.") The name "Vinod" is used in the communications between "Modern Books" and "Express Books" and Abebooks throughout the duration of the account.

(Dunnegan Dec. at ¶ 7, AR-History CID52296192, pp 1-55)  No reasonable person could conclude that this log refers to the sales of a person other than Kumar.

(3) The Akademos account of username "Jhonbooks" belongs to Dart, because it uses Dart's bank account information. (Dunnegan Dec. Ex. L, p. 1) Again, no reasonable person could conclude that this log refers to sales of a person other than Dart.

Kumar and Dart should therefore be held jointly and severally liable for all the sales of the Foreign Editions.  Both participated in the sale and/or distribution of the infringing Foreign Editions and should therefore be liable as principals for direct infringement. In addition, Kumar owns Dart and directed Dart to distribute infringing copies that it sold. (Dunnegan Dec. Ex. F at 32:2-15); Lechner v. Marco-Domo Intnationales Interieur GmbH, 2005 U.S. Dist. LEXIS 4022 at *18 (S.D.N.Y. March 10, 2005)("It is well-established that corporate officers can be held liable for the infringing acts of their corporations if they personally participated in the acts constituting infringement."); Wales Indus. Inc. v. Hasbro Bradley, Inc., 612 F. Supp. 510, 518 (S.D.N.Y. 1985)("An individual who causes a corporation defendant to infringe copyrights and personally participates in the

8

infringing activity is jointly and severally liable with the corporation for the infringement.")

### III.

### PLAINTIFFS ARE ENTITLED TO RECOVER STATUTORY DAMAGES OF $750 PER WORK INFRINGED FOR EACH OF THESE 379 WORKS

Under 17 U.S.C. § 504(c), a copyright plaintiff is generally entitled to recover minimum statutory damages of $750 per work infringed. Pearson Education, Inc. v. Liao, 2008 U.S. Dist. LEXIS 39222 at *12-13. Because Exhibits M, N, O and P to the Dunnegan Declaration demonstrate that plaintiffs registered each of the 379 copyrights prior to defendants' first infringing sale, 17 U.S.C. § 412 provides no basis to deny plaintiffs these statutory damages. Kumar and Dart should therefore be liable for statutory damages of $750 for each of the 379 infringements, or $284,250.

### IV.

### PLAINTIFFS ARE ENTITLED TO A PERMANENT INJUNCTION AGAINST KUMAR AND DART

Plaintiffs are entitled to a permanent injunction enjoining defendants from infringing plaintiffs' copyrights that are the subject of this action. 17 U.S.C. § 502(a) states:

> "Any court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injuctions on such terms as

> it may deem reasonable to prevent or restrain infringement of a copyright."

A finding of liability for copyright infringement should generally result in the issuance of a permanent injunction. Yurman Design, Inc. v. PAJ, Inc., 93 F.Supp. 2d 449, 466 (S.D.N.Y. 2000)("The jury found that the following PAJ items infringed upon Yurman Design's copyrighted pieces... In keeping with the general practice concerning such matters, the Court enjoins PAJ from manufacturing, distributing, or selling those items, and also orders PAJ to destroy all remaining infringing pieces within its possession, custody, or control."), aff'd in part, Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 118 (2d Cir. 2001).

## Conclusion

For the reasons set forth above, plaintiffs respectfully request that the Court grant their motion for summary judgment on their copyright claims against Vinod

Kumar and Dart Air, Inc.

Dated:  New York, New York
        July 28, 2008

                        DUNNEGAN LLC

                        By *William Dunnegan*
                           William Dunnegan (WD9316)
                        Attorneys for Plaintiffs
                          Pearson Education, Inc.,
                          John Wiley & Sons, Inc.,
                          Cengage Learning Inc., and
                          The McGraw-Hill Companies, Inc.
                        350 Fifth Avenue
                        New York, New York 10118
                        (212) 332-8300