UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

PEARSON EDUCATION, INC.,
JOHN WILEY & SONS, INC.,
CENGAGE LEARNING INC. AND
THE MCGRAW-HILL COMPANIES, INC.,

           Plaintiffs,

    -against-                     07 Civ. 9399 (CSH)
                                    ECF Case
VINOD KUMAR, VIRENDER YADAV,
SUKHWINDER SINGH AND
DART AIR, INC. ALL D/B/A
MODERN BOOKS D/B/A EXPRESS
BOOKS D/B/A UNIQUE BOOKS
D/B/A JOHN BOOK STORE D/B/A
EXPRESSBOOKS06 D/B/A
QUALITYINSTRUMENTS400
AND JOHN DOES NOS. 1-5,

           Defendants.

- - - - - - - - - - - - - - - - - x

DECLARATION OF WILLIAM DUNNEGAN IN SUPPORT
OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

    WILLIAM DUNNEGAN hereby declares pursuant to 28 U.S.C. § 1746 that the following is true and correct:

    1.    I am a member of the bar of this Court and the firm of Dunnegan LLC, attorneys for plaintiffs in this action. I am making this declaration in support of plaintiffs' motion for summary judgment on their copyright claims against defendants Vinod Kumar ("Kumar") and Dart Air, Inc. ("Dart").

### Liability of Kumar and Dart

2. Annexed as Exhibit E is a copy of the amended complaint, filed on May 18, 2008. Neither Kumar nor Dart has filed an answer to the complaint.

3. Annexed as Exhibit F is a copy of portions of the transcript of the deposition of defendant Virender Yadav taken on May 7, 2008.

### The Sales Through Abebooks

4. Annexed as Exhibit G is a copy of the subpoena duces tecum plaintiffs served on Abebooks Inc. ("Abebooks").

5. In response to this subpoena, Abebooks produced its responsive documents on a CD-Rom, and provided a declaration from the custodian of the documents authenticating them as its business records. A copy of this declaration is annexed as Exhibit H.

6. The business records on this Abebooks CD-Rom are voluminous and cannot be reasonably filed with the Court in either electronic or paper format. We are providing defendants and the Court with a copy of the CD-Rom with the hard copy of our motion papers.

7. The Abebooks CD-Rom contains nine different files. The first of these, labeled "FW Abebooks Subpoena – Case Number 07 Civ. 9399 (CSH)," is a copy of an e-mail

containing as attachments (i) sales information in EXCEL for five accounts, labeled CID 950707, CID 52803897, CID 3304328, CID 4651600, and CID 52296192, (ii) communications with purchasers of the books in WORD for six accounts, (iii) account information in WORD for Express Books and Modern Books accounts, (iv) an explanation of the relationships of the accounts in WORD, and (v) a letter to me in WORD.

8.   Annexed as Exhibit I is an e-mail dated February 5, 2008 from Kumar to Laura Scileppi, an attorney at my firm.  In this e-mail, Kumar admitted to making sales contained in an e-mail attachment that he labeled "Abel." "Abel" is substantially identical in content to the Abebooks log CID52803897.

### The Sales Through Akademos

9.   Annexed as Exhibit J is the subpoena <u>duces tecum</u> plaintiffs served on Akademos, Inc. ("Akademos").

10.  In response to our subpoena, Akademos produced its responsive documents and provided a declaration from the custodian of the documents authenticating them as its business records.  A copy of this declaration is annexed as Exhibit K.

11.  The documents Akademos produced are annexed as Exhibit L.  The Akademos documents include sales and financial information for two accounts.

3

### Summary of the Sales Through Abebooks and Akademos

12. Pursuant to Rule 1006 of the Federal Rules of Evidence, we have summarized these Abebooks and Akademos documents on Exhibits M, N, O and P to demonstrate that (i) Kumar or Dart sold a copy of a book with the same title as each of the copyrights that are the subject of this motion, and (ii) the date of the first sale.

13. Annexed as Exhibit M is a summary prepared from the Abebooks CD-Rom and the Akademos documents that sets forth the date on which Kumar or Dart first sold a copy of a work with the same, or substantially the same, title as those identified on Exhibit A to the declaration of Richard Essig of Pearson Education, Inc. ("Pearson"). For example, for the first Pearson work on Exhibit A, Exhibit M provides:

| Title<br>Date of Registration<br>Registration Number | Source<br>Date of Sale<br>Row Number |
|---|---|
| Electronic Commerce: A Managerial Perspective<br>December 2, 1999<br>TX0005110454 | CID 52803897<br>November 30, 2007<br>15 |

This entry means that the Abebooks CD-Rom, account number CID 52803897, row 15, shows the sale of a book entitled "Electronic Commerce: A Managerial Perspective" on November 30, 2007.

14. Annexed as Exhibit N is a summary prepared from the Abebooks CD-Rom and the Akademos documents that sets forth the date of the first sale of a copy of a book with the same, or substantially the same, title as those identified on Exhibit B to the declaration of Patrick Murphy of John Wiley & Sons, Inc.

15. Annexed as Exhibit O is a summary prepared from the Abebooks CD-Rom and Akademos documents produced that sets forth the date of the first sale of a copy of a book with the same, or substantially the same, title as those identified on Exhibit C to the declaration of William Sampson of Cengage Learning Inc.

16. Annexed as Exhibit P is a summary prepared from the Abebooks CD-Rom and Akademos documents that sets forth the date of the first sale of a a copy of a book with the same, or substantially the same, title as those identified on Exhibit D to the declaration of Bonnie Beacher of The McGraw-Hill Companies, Inc.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 28, 2008.

_____
William Dunnegan