```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

PEARSON EDUCATION, INC.,              :
JOHN WILEY & SONS, INC.,
CENGAGE LEARNING INC. AND             :
THE MCGRAW-HILL COMPANIES, INC.,
                                      :
               Plaintiffs,
                                      :
     -against-                            07 Civ. 9399 (CSH)
                                      :   ECF Case
VINOD KUMAR, VIRENDER YADAV,
SUKHWINDER SINGH AND                  :
DART AIR, INC. ALL D/B/A
MODERN BOOKS D/B/A EXPRESS BOOKS      :
D/B/A UNIQUE BOOKS D/B/A
JHON BOOK STORE D/B/A                 :
EXPRESSBOOKS06 D/B/A
QUALITYINSTRUMENTS400                 :
AND JOHN DOES NOS. 1-5,
                                      :
               Defendants.
                                      :
- - - - - - - - - - - - - - - - - x
```

NOTICE TO PRO SE LITIGANTS OPPOSING
MOTION FOR SUMMARY JUDGMENT

The plaintiffs in this case have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure against defendants Vinod Kumar and Dart Air, Inc. This means that the plaintiffs have asked the court to decide the case without a trial, based on written materials, including affidavits, submitted in support of the motion. THE CLAIMS ASSERTED IN THE SECOND AMENDED COMPLAINT MAY BE DECIDED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION by filing your own sworn affidavits or other papers as required by Rule 56(e). An affidavit is a sworn

statement of fact based on personal knowledge that would be admissible in evidence at trial. The full text of Rule 56 is attached.

In short, Rule 56 provides that you may NOT oppose summary judgment simply by relying upon the responses in your answer. Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by the plaintiffs and raising issues of fact for trial. Any witness statements, which may include your own statements, must be in the form of affidavits. You may submit affidavits that were prepared specifically in response to plaintiffs' motion for summary judgment.

Any issue of fact that you wish to raise in opposition to the motion for summary judgment must be supported by affidavits or by other documentary evidence contradicting the facts asserted by the plaintiffs. If you do not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the facts asserted by the plaintiffs, the court may accept plaintiffs' factual assertions as true. Judgment may then be entered in plaintiffs' favor without a trial.

If you have any questions, you may direct them to the Pro Se Office.

Dated:  New York, New York
        July 28, 2008

>                           DUNNEGAN LLC
>
>                           By /s/ William Dunnegan
>                           William Dunnegan (WD9316)
>                           Attorneys for Plaintiffs
>                             Pearson Education, Inc.,
>                             John Wiley & Sons, Inc.,
>                             Cengage Learning Inc., and
>                             The McGraw-Hill Companies, Inc.
>                           350 Fifth Avenue
>                           New York, New York 10118
>                           (212) 332-8300

TO: Vinod Kumar a/k/a Vinod Nautiyal
    39 /4 Mohmad Pur
    Near Bikaji Cama Place, New Delhi 110066
    India
    Vn1991@hotmail.com

    Virender Yadav
    10433 92nd Avenue
    South Richmond Hill, NY 11418-2923

    Dart Air, Inc.
    155 W. 29th Street, Suite 9B
    New York, New York 10001

RULE 56. SUMMARY JUDGMENT

a) By a Claiming Party. A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim. The motion may be filed at any time after:

    (1) 20 days have passed from commencement of the action; or

    (2) the opposing party serves a motion for summary judgment.

(b) By a Defendant Party. A party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim.

(c) Serving the Motion; Proceedings. The motion must be served at least 10 days before the day set for the hearing. An opposing party may serve opposing affidavits before the hearing day. The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

(d) Case Not Fully Adjudicated on the Motion.

    (1) Establishing Facts. If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue. The court should so determine by examining the pleadings and evidence before it and by interrogating the attorneys. It should then issue an order specifying what facts – including items of damages or other relief – are not genuinely at issue. The facts so specified must be treated as established in the action.

    (2) Establishing Liability. An interlocutory summary judgment may be rendered on liability alone, even if there is a genuine issue on the amount of damages.

(e) Affidavits; Further Testimony.

    (1) In General. A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may

permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.

    (2) Opposing Party's Obligation to Respond. When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

(f) When Affidavits Are Unavailable. If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

    (1) deny the motion;

    (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or

    (3) issue any other just order.

(g) Affidavit Submitted in Bad Faith. If satisfied that an affidavit under this rule is submitted in bad faith or solely for delay, the court must order the submitting party to pay the other party the reasonable expenses, including attorney's fee, it incurred as a result. An offending party or attorney may also be held in contempt