UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

PEARSON EDUCATION, INC.,                   :
JOHN WILEY & SONS, INC.,
CENGAGE LEARNING INC. AND                  :
THE MCGRAW-HILL COMPANIES, INC.,
                                           :
                    Plaintiffs,
                                           :

        -against-                              07 Civ. 9399 (CSH)
                                           :       ECF Case
VINOD KUMAR, VIRENDER YADAV,
SUKHWINDER SINGH AND                       :
DART AIR, INC. ALL D/B/A
MODERN BOOKS D/B/A EXPRESS                  :
BOOKS D/B/A UNIQUE BOOKS
D/B/A JHON BOOK STORE D/B/A                 :
EXPRESSBOOKS06 D/B/A
QUALITYINSTRUMENTS400                       :
AND JOHN DOES NOS. 1-5,
                                           :
                    Defendants.
                                           :
- - - - - - - - - - - - - - - - - x

          PLAINTIFFS' REPLY MEMORANDUM OF LAW IN
           SUPPORT OF THEIR MOTION FOR SUMMARY
            JUDGMENT ON THEIR COPYRIGHT CLAIMS
           AGAINST DEFENDANTS VINOD KUMAR AND
                      DART AIR, INC.

        Plaintiffs should succeed on their motion for

summary judgment because (i) Vinod Kumar's ("Kumar")

opposition does not create a genuine issue of material

fact; (ii) on the undisputed facts, plaintiffs are entitled

to judgment as a matter of law; and (iii) the pro se

defendants are not entitled to special treatment because

plaintiffs properly notified them of the consequences of
failing to make a proper response.

     To create a record of defendants' "opposition,"
Kumar's letter to the Court is annexed as Exhibit A.  Dart
Air, Inc. ("Dart") has not served any documents.

<u>Argument</u>

I.

VINOD KUMAR'S OPPOSITION DOES
NOT CREATE ANY GENUINE ISSUE
OF MATERIAL FACT

     Kumar's opposition contains no sworn statements,
but only bald allegations.  This is not enough to overcome
a motion for summary judgment.  <u>Castro v. N.Y. City Dep't
of Sanitation</u>, 13 Fed. Appx. 63, 64, 2001 U.S. App. LEXIS
15755 (2d Cir. 2001)("The district court properly dismissed
the claims where plaintiff's submissions included only
conclusory and vague allegations. . . ."); <u>FTC v. Medical
Billers Network, Inc.</u>, 543 F. Supp. 2d 283, 303 (S.D.N.Y.
2008)("However, Careres's conclusory statements that facts
listed in the FTC's Rule 56.1 Statement are 'incorrect,'
'vague,' 'incomplete,' or 'disputed' are not sufficient to
put any fact in dispute when Carceres does not adequately
put into dispute the FTC's underlying evidence."); <u>Odom v.
Keane</u>, 1997 U.S. Dist. LEXIS 14077 at *7-9 (S.D.N.Y.
September 15, 1997)("However, a pro se party's 'bald

assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment."), citing, Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991)

Even taking the allegations in Kumar's opposition as properly supported, Kumar has not created any genuine issue of material fact as to his or Dart's liability. Kumar admits that he sold plaintiffs' textbooks which were printed abroad.  (Ex. A, p. 1)  He also admits that he used Dart to ship the books and that Dart collected the money from infringing sales through its bank account.  (Ex. A, p. 2)  Willfulness is not at issue, since plaintiffs seek minimum statutory damages.  Thus, Kumar's opposition, even when taken as if supported by evidence, creates no question of fact that requires a trial.

II.

KUMAR HAS NOT CHALLENGED PLAINTIFFS'
LEGAL POSITION

Plaintiffs' legal position is that defendants' sale in the United States of foreign editions of their copyrighted works constitutes copyright infringement. Pearson Education Inc., et al. v. Jun Liao, et al., 2008 U.S. Dist. LEXIS 39222 at *11-12 (S.D.N.Y. May 13, 2008)("The record also reveals that Liao and Gu have violated plaintiffs' exclusive right to 'distribute copies

. . . of the copyrighted work[s] to the public' in violation of 17 U.S.C. §§ 106(3) and 602(a) by purchasing copies of plaintiffs' textbooks that were manufactured abroad and subsequently selling them within the United States without the permission of the copyright holders.") Kumar has offered no authority that plaintiffs' legal position is incorrect. Accordingly, there is no genuine issue of material fact and plaintiffs should be entitled to judgment as a matter of law.

Defendants' only hope of avoiding summary judgment rests on their excuse that they are pro se defendants. However, as set forth below, that excuse is insufficient.

### III.

DEFENDANTS WERE PROPERLY SERVED WITH A
NOTICE TO PRO SE LITIGANTS WHO OPPOSE
SUMMARY JUDGMENT, AS REQUIRED BY LOCAL
RULE 56.2

Local Rule 56.2 requires a party moving for summary judgment against a pro se litigant to provide notice that "you may not oppose summary judgment simply by relying upon the allegations in your complaint and that if you do not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the facts asserted by the [movant], the court may accept

the [movant's] factual assertions as true." <u>FTC v. Medical
Billers Network, Inc.</u>, 543 F. Supp. 2d 283 at 301-302,
<u>citing</u>, Local Rule 56.2; <u>See</u> <u>McPherson v. Phillip Coombe,
Jr.</u>, 174 F.3d 276, 280-81, (2d Cir. 1999)  Plaintiffs
provided this notice in their document "Notice to <u>Pro Se</u>
Litigants Opposing Summary Judgment." (Docket No. 21)  This
document provides ample notice to <u>pro se</u> defendants Kumar
and Dart of the obligations and potential consequences of
insufficient opposition.

Conclusion

    For the reasons set forth above, plaintiffs
respectfully request that the Court grant their motion for
summary judgment on their copyright claims against Vinod
Kumar and Dart Air, Inc.

Dated:  New York, New York
        August 20, 2008

                        DUNNEGAN LLC

                        By
                           William Dunnegan (WD9316)
                           wd@dunnegan.com
                           Laura Scileppi (LS0114)
                           ls@dunnegan.com
                        Attorneys for Plaintiffs
                           Pearson Education, Inc.,
                           John Wiley & Sons, Inc.,
                           Cengage Learning Inc., and
                           The McGraw-Hill Companies, Inc.
                        350 Fifth Avenue
                        New York, New York 10118
                        (212) 332-8300

5