```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
PEARSON EDUCATION, INC., etal,         :
                  Plaintiff(s),        :
         -against-                     :    07 Civ. 9399-CSH
VINOD KUMAR, etal,                     :    MEMORANDUM OPINION
                  Defendant(s).        :    AND ORDER
-----------------------------------x
```

HAIGHT, Senior District Judge:

This is an action for copyright infringement. The plaintiffs are holders of copyrights in numerous educational textbooks. Their amended complaint alleges that the three individual defendants and the corporate defendant have without permission purchased foreign editions of plaintiffs' books manufactured outside the United States and resold them to purchasers through the Internet at various websites. Plaintiffs now move for summary judgment.

None of the defendants has appeared through counsel. The individual defendants – Vinod Kumar, Virender Yadav, and Sukhwinder Singh – have the option of appearing *pro se*. Corporate parties cannot appear *pro se*. The corporate defendant in this case, Dart Air, Inc., must retain counsel to appear and defend against plaintiffs' charges.

Plaintiffs filed their motion for summary judgment on July 31, 2008. On that date they also filed a "Notice to *Pro Se* Litigants Opposing Motion for Summary Judgment" pursuant to Local Civil Rule 56.2. That notice informs *pro se* defendants of the pendency of the motion for summary judgment and warns them that if they fail to respond with admissible evidence, the Court could

1

accept plaintiffs' factual assertions as true and enter judgment in plaintiffs' favor without trial.

Plaintiffs' proof of service with respect to the Rule 56.2 notice is puzzling. It recites that on July 31, 2008, service was made by mail upon defendant Kumar in India and upon defendant Yadav in New York, and by hand upon defendant Dart Air, Inc. in New York. No mention is made of the third individual defendant, Singh; and Dart Air is not an appropriate recipient of a Rule 56.2 notice because a corporation cannot appear *pro se*.

The only communications the Court has received from any of the defendants are two letters from defendant Kumar. The first, dated August 7, 2008 and received in Chambers on August 12, was presumably in response to plaintiffs' summary judgment motion. The letter protested against plaintiffs' claims but is unsworn and contains no admissible evidence. A copy of that letter was sent to plaintiffs' counsel. Kumar's second letter to the Court, dated September 22, 2008, apparently with copies to no one, stated that Kumar was then in New York, would like to appoint an attorney, and asked for "a week's time" to appoint counsel. The Court made no responsive order, but the requested time has long passed and no appearance of counsel has been filed on behalf of Kumar. Kumar's September 22 letter was received after his time to respond to plaintiffs' summary judgment had run out.

Plaintiffs contend that on this record (or lack of one), summary judgment should now enter in their favor. However, I choose to follow the example Judge Stein set in a case plaintiffs cite in their reply brief at 3, *Pearson Education Inc., et al. v. Jun Liao, et al.*, No. 07-Civ.2423, 2008 WL 2073491 (S.D.N.Y. May 13, 2008). The same plaintiffs brought comparable claims against foreign individuals and moved for summary judgment, sending Rule 56.2 notices to the foreign individual defendants, who failed to retain counsel or respond *pro se* to plaintiffs' summary judgment motion.

2

Judge Stein recited: "After Liao and Gu failed to respond to the motion, the Court *sua sponte* issued an order noting that defendants had failed to respond to the motion," extending their time to oppose the motion for another two weeks, "urging" them to respond, and warning them again of the possible consequences of their failure to do. 2008 WL 2073491, at *1-*2. This is a fair procedure and I adopt it in the case at bar.

Accordingly, individual defendants Kumar and Yadav are directed, through counsel or *pro se*, to file and serve upon plaintiffs' counsel papers opposing plaintiffs' motion for summary judgment, in proper form, under oath and containing admissible evidence, on or before December 5, 2008, failing which the Court will decide plaintiffs' motion on the present record.

The Court makes no order with respect to individual defendant Singh at this time, because it appears that plaintiffs did not serve a Rule 56.2 notice upon him, and so the motion for summary judgment against Singh is not properly before the Court.

The corporate defendant Dart Air, Inc. is directed to cause an appearance of counsel on its behalf and papers opposing plaintiffs' motion for summary judgment to be filed and served on or before December 5, 2008, failing which the Court will decide plaintiffs' motion on the present record.

Counsel for plaintiffs are directed to mail or deliver copies of this Memorandum and Order to all defendants at their last known addresses forthwith. For counsel's guidance, defendant Kumar's two letters to the Court described *supra* were mailed from "132 07 Liberty Avenue, South Richmond Hill, New York, N.Y. 11419." It appears from the file that counsel are also aware of Kumar's address in New Delhi, India.

It is SO ORDERED.

Dated: New York, New York
       November 12, 2008

*(signature)*

----------------------------------
CHARLES S. HAIGHT, JR.
Senior United States District Judge